IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL A. MARTINDALE,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL REES, M.D.,<br><br>Defendant. | CV 18-00095-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Martindale, a state prisoner proceeding without counsel, filed a Complaint alleging Defendant Paul Rees, M.D. denied him adequate medical care in violation of the Eighth Amendment (Doc. 2) and a Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 2-3 - 2-5). Dr. Rees has now filed an Answer (Doc. 11) and a response to the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11). The motion for temporary restraining order should be denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before

1

judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a*

2

*clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

In order to prove a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, in order to prevail, Mr. Martindale must show both that his medical needs were objectively serious, and that Defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical

3

condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989); *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). The Court will presume for purposes of this Order that Mr. Martindale has serious medical care needs.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. *Farmer*, 511 U.S. at 835. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if

4

some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

Mr. Martindale alleges he suffers from neuropathy, extensive nerve damage, and lower back pain and Dr. Rees discontinued his effective pain medications for these conditions. He contends Dr. Rees ignored the medical orders of Dr. Whitney to stop prescribing anti-inflammatories to avoid liver and kidney damage. He alleges he was diagnosed with pneumonia in July 2017 and it was discovered that his diaphragm is stuck in the open position. He contends that because Dr. Rees will not prescribe effective pain medication, it is impossible for him to go outside during the coldest months of the year and as a result he has to go without eating. He also alleges that infirmary staff fails to conduct weekly blood pressure checks and forget to send blood tests to the lab. (Doc. 2-2.)

In response, Dr. Rees filed an affidavit setting forth his treatment plan for Mr. Martindale. Dr. Rees explained that Mr. Martindale has been followed, seen and treated in a clinical setting for thyroid cancer (in remission), musculoskeletal problems, acid reflux, HIV infection, hypertension and hypotension, investigation of possible heart and kidney disease, and diaphragmatic paralysis in connection with a chronically elevated left hemidiaphragm. (Rees Affidavit, Doc. 9-1 at ¶6.) Dr. Rees testified that he and other MSP infirmary staff have addressed Mr.

Martindale's related complaints of back pain, pain in his neck and throat area, chest pain, elbow pain, discomfort from acid reflux, discomfort from swallowing, and discomfort from an insect bite, along with discomfort from his neuropathy, including extensive evaluation and provision of medications.

In addition to the anti-inflammatory medications Mr. Martindale admits he is provided (ibuprofen, acetaminophen, and naproxen), Mr. Martindale has also received steroidal anti-inflammatories both orally and by injection, muscle relaxing medications, and he is prescribed medication for nerve discomfort in the form of Cymbalta.  (*Id.* at ¶16.)  Mr. Martindale's complaints of pain have also been evaluated by the MSP Pain Management Committee to determine a global, multi-modal approach to managing his complaints of chronic pain.  (*Id.* at ¶18.)

Dr. Rees has also arranged for several specialists to be involved with Mr. Martindale's care and evaluation of his complaints of discomfort and pain, and Dr. Rees testified that recommendations from these specialists have been followed. He explained that Mr. Martindale's thyroid cancer has been successfully treated and Mr. Martindale remains under the care of an endocrinologist, Dr. McKenna. (*Id.* at ¶7.)

Dr. Rees also referred Mr. Martindale to an ear, nose and throat specialist, Dr. Haller, for further evaluation of his complaints of discomfort with respect to

his throat. (*Id.* at ¶8.) With respect to the chest discomfort or pain expressed by Mr. Martindale, he has been referred to two cardiologists, Drs. Goulah of Anaconda and Waldo of Missoula. (*Id.* at ¶9.) Dr. Goulah also evaluated Mr. Martindale's renal functioning. (*Id.* at ¶10.)

Dr. Rees referred Mr. Martindale to the infectious disease specialist, Dr. Whitney, of Missoula because of the possibility that an infection may be related to Mr. Martindale's chest complaints and his HIV-positive status. (*Id.* at ¶11.) Dr. Whitney did not indicate any preference for Tramadol or Gabapentin, and Dr. Rees has followed the recommendations communicated to him by Dr. Whitney. (*Id*. at ¶¶11, 22).

For evaluation of Mr. Martindale's more recent complaints of diarrhea, Dr. Rees referred Mr. Martindale for a colonoscopy performed by general surgeon Dr. Raiser. (*Id.* at ¶12.) Dr. Rees has followed all of the recommendations of the six specialists who have evaluated Martindale's several health complaints. (*Id.* at ¶¶7-12.)

In light of this testimony, the Court finds that at this early stage of the proceedings, Mr. Martindale has not established a likelihood of success on the merits of his Eighth Amendment claim and therefore has not met the requirements for preliminary injunctive relief pending disposition of his claims.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Mr. Martindale's Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 2-3 - 2-5) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of January, 2019.

　　　　　　　　　　　　　　　　　　*/s/ John Johnston*
　　　　　　　　　　　　　　　　　　John Johnston
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Martindale is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.